Davis *v.* Davis, Appellant.

Argued April 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Louis D. Cooper,* for appellant.

*Wendell G. Freeland,* with him *Richard J. Jones,* and *Jones, Smith & Freeland,* for appellee.

OPINION BY ERVIN, J., June 13, 1962:

This is an appeal by the wife-defendant from a decree in divorce a.v.m. entered in favor of the husband-plaintiff on the ground of indignities.

The case was heard by President Judge WILLIAM H. MCNAUGHER, a very capable judge of long experience, and his judgment is worthy of the highest consideration by this Court: *Schaufler v. Schaufler,* 177 Pa. Superior Ct. 515, 110 A. 2d 867. We have, however, read all of the evidence and have arrived at our independent conclusion, which is in accord with that of the court below.

These parties were married on March 24, 1959. At the time of the hearing the husband was 85 years of age and the wife was 54 years of age. For some time prior to the marriage she had been a housekeeper for the appellee. He had been twice previously married, both of his former wives having died. She had been

once previously married. After the marriage the parties established their residence at 235 Mayflower Street, Pittsburgh, a home owned by the husband. The second and third floors of the dwelling were leased to tenants. Approximately six months after the marriage the appellant had disputes with two of the tenants. She demanded that her husband evict these tenants from the premises. When he refused to do so she started a campaign of harassment and she eventually brought about an aldermanic eviction proceedings.

Appellant constantly used profane and abusive language toward her husband and on one occasion threw a glass of water in his face and on another occasion poured a pitcher of water on him. She locked up his clothing to prevent him from leaving the house and when he did leave the house she would follow him. He testified that he heard her have a conversation over the telephone as follows: "This old bastard I got, I'm going to get rid of him, I got four pills and if I get them pills down in him that will do the job." She tramped on his feet and on several occasions spit in his face. On another occasion she pulled up her dress and patted herself and then said to her aged husband: "Don't you like it? Why don't you do something about it?" This in itself was an affront to his manhood. She had him committed to a ward for mental patients in the St. Francis General Hospital on January 9, 1961. She did not tell his relatives of the hospital confinement and attempted to prevent the relatives and his minister from seeing him. After about a month's stay in the hospital he was released but only after a petition for a writ of habeas corpus had been scheduled for hearing by the court. When he came out of the hospital she had him locked out of his home for about a month and he succeeded in getting into his home only when her lawyer was instrumental in having her give him a key. When he got into his own home he locked her out.

Since then he has remained in his own home and she lives with her daughter. He testified that the above described course of conduct continued day after day and night after night from six months after the marriage until he went to the hospital.

As to the vile name-calling, appellee was corroborated by Daniel Eldridge Harris and James Henry Oliver, the two second floor tenants. Appellant completely denied that she had ever used foul, indecent and abusive language toward him and completely denied any wrongdoing.

We believe that the question of credibility was correctly determined by the court below.

The appellee's blood pressure increased, probably because of the conduct to which he was subjected. After the separation, this condition was quickly corrected.

We have so often and so recently defined indignities that we need not again do it here. Suffice it to say that we are of the opinion that there was a course of conduct sufficient to demonstrate that any love and affection had been permanently replaced by hatred and estrangement.

Decree affirmed.